**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS  DIVISION**

| | |
|---|---|
| **NICKEY HENDERSON** | ) |
| | ) |
| v. | )     3-06-CV-847-L |
| | ) |
| **NATHANIEL QUARTERMAN, Director,** | ) |
| **Texas Department of Criminal Justice** | ) |
| **Correctional Institutions Division** | ) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge.  The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a petition for habeas corpus relief filed by a State inmate pursuant to 28 U.S.C. § 2254

**Parties**: Petitioner is confined as an inmate confined at the Polunsky Unit of the Texas Department of Criminal Justice, Correctional Institutions Division at Livingston, Texas serving a conviction for the offense of possession of a controlled substance.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**Statement of the Case**: Upon his plea of guilty to the offense of possession of a controlled substance, to wit: cocaine, as charged in the indictment returned in Cause No. F-01-48998-T Petitioner was placed on deferred adjudication for a period of ten years and was ordered to pay a fine of $1,500.00 on March 6, 2001.  Thereafter on February 3, 2003, the State moved to adjudicate guilt and on May 15, 2003, the trial court adjudicated him guilty of the offense charged and sentenced

him to a term of 25 years imprisonment.

Henderson effected a direct appeal and on March 26, 2004, the Fifth Court of Appeals dismissed the appeal for lack of jurisdiction and thereafter denied his motion for rehearing. On March 23, 2005, Petitioner filed an application for habeas corpus relief pursuant to art. 11.07, Texas Code of Criminal Procedure, which was denied by the Texas Court of Criminal Appeals on February 1, 2006, based upon the findings of the trial court without a hearing. Henderson then filed the present petition on May 8, 2006. In response to this court's show cause order Respondent filed his answer and brief together with copies of the prior state proceedings. It is not claimed that Henderson has failed to exhaust state remedies and therefore the petition is before the court on the merits.

**Findings and Conclusions**: In two separate but inter-related grounds Petitioner alleges that he was denied a competency trial pursuant to art. 46.02, Texas Code of Criminal Procedure. He specifically claims that the trial court erred in not holding such a trial and that his attorney rendered ineffective assistance in failing to move for such a trial.

It is well settled that a defendant who is mentally incompetent has a due process right not to be prosecuted for a criminal offense. In Pate v. Robinson, 383 U.S. 375, 385, 86 S.Ct. 836 (1966), the Supreme Court held that a trial court must inquire into a defendant's mental competence once the issue is sufficiently raised, i.e. a bona fide doubt as to a defendant's competence. In Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788 (1960), the Court set out the test for competence, to wit: a defendant must have a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and possess a rational as well as a factual understanding of the proceedings against him.

In Petitioner's case the record reflects that at his appearance on April 4, 2003, pursuant to the hearing set on the State's motion to adjudicate guilt, his attorney informed the court that Henderson was taking "psych medications" and that Petitioner had informed counsel that he was hearing voices. See Reporter's Record, Vol. 3 at 5-6. His attorney asked that Petitioner be evaluated and that the hearing be reset, despite the fact that Henderson testified that he was capable of understanding what was going on and wanted to get the hearing over. Id. at 7. After a further colloquy between the court and Petitioner, and out of an abundance of caution the judge ordered that an evaluation be completed and continued the hearing on the State's motion. Id. at 9, despite Petitioner's request to proceed.

The hearing was reconvened on May 15, 2003, at which time the evaluating psychiatrist, Michael Ray Pittman, was called as a witness. See Vol. 4 at 4 et seq. Dr. Pittman testified that Henderson was competent to stand trial under the Dusky test.[1] The court then proceeded to hear the State's motion on the merits at the conclusion of which Petitioner's term of deferred adjudication probation was revoked.

Although the United States Constitution as applied by the United States Supreme Court in Pate and Dusky prohibits an incompetent person from being prosecuted for a criminal offense as a matter of substantive due process, the Constitution does not mandate the procedure under which this determination must be made. Although art. 46.02 requires, under appropriate circumstances, that a defendant's competency to stand trial be determined by a jury, this is a matter of state law only. In federal criminal proceedings a determination of whether or not a defendant is competent under

---

[1] A summary of Dr. Pittman's testimony on May 15, 2003, is contained in the Fifth Court of Appeals' opinion dismissing his appeal.

Dusky is reserved to the trial court.  See 18 U.S.C. § 4241.  Therefore Henderson's argument that the trial court erred in failing to empanel a jury to determine his competency fails to present a cognizable basis for federal habeas corpus relief.  Moreover, on the record, it is clear that the trial court did not err in not empaneling a jury.  In determining whether a separate jury should be empaneled the evidence must be sufficient to create a bona fide doubt in the mind of the trial court as to whether a defendant is competent.  Ex Parte Thomas, 906 S.W.2d 22, 25 (Tex.Crim.App. 1995), cert. denied 518 U.S. 1021 (1996); Mata v. State, 632 S.W.2d 355, 357 (Tex.Crim.App. 1982).  Evidence of mental impairment alone does not require the empanelment of a special jury where no evidence indicates a defendant's inability to consult with counsel or to understand the proceedings against him.  Townsend v. State, 949 S.W.2d 24, 26-27 (Tex.App. San Antonio 1997, no pet.).[2]

Under the record it is clear that any request for a competency jury which counsel might have made in light of Dr. Pittman's findings would have been futile, if not patently frivolous as well.

**RECOMMENDATION**:

---

[2]The absence of any debilitating mental impairment is further buttressed by his former counsel's affidavit.  See Application No. WR-62,595-01 at 33-36, filed after Petitioner attacked his representation as well by Henderson's own statements on April 4, 2003.

For the foregoing reasons it is recommended that the petition be denied and dismissed.

A copy of this recommendation shall be transmitted to Petitioner and counsel for Respondent.

SIGNED this 1st day of December, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.